IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOSEPH P. CLEMENS,

                          ORDER

               Plaintiff,

v.

                        16-cv-467-wmc

ERIC K. FANNING, *et al.*,

               Defendants.

---

Plaintiff Joseph P. Clemens filed this civil action pursuant to 42 U.S.C. § 1983, alleging that the United States Army subjected him to a hostile work environment. Although the court initially denied plaintiff's motion for assistance of counsel, it has nevertheless recruited Attorney Mary Kennelly of the law firm of Fox & Fox in Madison, Wisconsin, to represent him *pro bono* for the remainder of this civil action. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."); *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc) (noting that § 1915(e)(1) confers, at most, discretion "to recruit a lawyer to represent an indigent civil litigant *pro bono publico*"). Accordingly, the court will enter her appearance as plaintiff's *pro bono* counsel for the record.

The next step is for the court to hold a telephonic pretrial conference to reset the calendar in this case, which is currently set for Wednesday, July 19, 2017, at 2:30 p.m. in front of Judge Stephen L. Crocker.

Plaintiff should appreciate that his counsel took on this representation out of a sense of professional responsibility, which includes representing zealously those clients they take on. Now that he is represented by counsel, plaintiff is advised that in return for representation plaintiff, too, has taken on a responsibility. For example, all future communications with the court must be through his attorney of record. Plaintiff must also work directly and

cooperatively with his attorney, as well as those working her direction, and must permit her to exercise her professional judgment to determine which matters are appropriate to bring to the court's attention and in what form. Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes. On the contrary, plaintiff should expect his counsel to tell him what he *needs* to hear, rather than what he might prefer to hear, and understand that the rules of professional conduct may preclude counsel from taking certain actions or permitting plaintiff from doing so.

If plaintiff decides at some point that he does not wish to work with his lawyer, he is free to alert the court and end her representation, but he should be aware that it is highly unlikely that the court will recruit a second set of attorneys to represent him.

ORDER

IT IS ORDERED that the clerk's office enter Mary Kennelly of the law firm of Fox & Fox as plaintiff's *pro bono* counsel of record. Plaintiff's counsel shall initiate the telephonic pretrial conference set for July 19, 2017, at 2:30 p.m. The court may be reached at (608) 264-5153.

Entered this 11th day of July, 2017.

BY THE COURT:

/s/

WILLIAM M. CONLEY
District Judge